STEPHANIE M. HINDS (CABN 154284)
United States Attorney

THOMAS A. COLTHURST (CABN 99493)
Chief, Criminal Division

LEIF DAUTCH (CABN 283975)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7534
FAX: (415) 436-7234
Leif.Dautch@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MATTHEW COX,<br><br>Defendant. | CASE NO. 22-MJ-71179 MAG<br><br>UNITED STATES' NOTICE OF MOTION AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR PRETRIAL DETENTION<br><br>Date: September 13, 2022 (Status on Detention)<br>Time: 10:30 a.m.<br>Court: Honorable Joseph C. Spero |

## NOTICE OF MOTION

TO ALL PARTIES AND TO THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that at the time and place specified above, the United States will move and does hereby move this Court for entry of an order detaining defendant Matthew Cox pending trial.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant Matthew Cox, a convicted felon, has been charged with running a 15-state drug trafficking operation responsible for the shipment and sale of kilograms of fentanyl-laced pills and methamphetamine. When Cox was arrested on the instant charges, over 5,000 fentanyl-laced pills were found at his home, as well as 16 pounds of marijuana. Given his criminal history, his leadership role in the drug trafficking operation, his access to large sums of cash, his significant prison exposure, and his frequent travel and connections throughout the country, Cox cannot bear his burden of proving that he is neither a flight risk nor a danger to the public. He should be detained pending his transfer to the Middle District of Tennessee to face his charges.

### I. <u>OFFENSE CONDUCT</u>

This case began in May 2022, when Homeland Security Investigations received information about a multi-state fentanyl distribution ring emanating from Santa Rosa, California. Subsequent investigation established that Cox and his co-defendants in this case had been shipping—for more than two years—packages of fentanyl-laced Oxycodone "M30" tablets and crystal methamphetamine to people in Ohio, Indiana, North Carolina, South Carolina, Texas, Georgia, Wisconsin, Pennsylvania, Minnesota, Illinois, New York, Maryland, New Jersey, and Tennessee. During the investigation, agents intercepted packages sent by Cox containing thousands of M-30 pills and kilos of methamphetamine. Cox's social media accounts contained messages about distributing "blues" and collecting drug debts, including discussion of harming a minor who failed to pay a drug debt. When a search warrant was executed at Cox's residence last week, agents recovered 5,000 more counterfeit M-30 pills and approximately 16 pounds of marijuana.

### II. <u>CRIMINAL HISTORY</u>

Cox is a convicted felon with a significant history of criminal conduct, including arrests for conspiracy to distribute a controlled substance, theft, embezzlement, probationer in possession of a

firearm, possession of a firearm with an obliterated serial number, and driving under the influence of drugs. This includes an April 2019 arrest on conspiracy charges in Placer County after Cox tried to broker a purchase of bulk quantities of marijuana. During the operation, agents seized $575,058 in US Currency, including $75,000 from Cox's vehicle.

In October 2020, Cox was arrested again, this time in Sonoma County, on various weapons charges after he tried to conceal a loaded firearm and a United States Postal Service parcel after a traffic collision. He was convicted of a felony in that case and remains on active felony probation through September 2023.

**ARGUMENT**

**I. THE REBUTTABLE PRESUMPTION OF DETENTION APPLIES**

Title 18, United States Code, Section 3142(e)(3)(A) provides that, if the judicial officer finds probable cause to believe that a defendant has committed an offense for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act, it "shall be presumed that no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of the community." Here, the criminal complaint charges Cox with an offense (conspiracy to possess and distribute a controlled substance under 21 U.S.C. §§ 846, 841(a)(1)) that carries a 20-year maximum term under the Controlled Substances Act. Therefore, the rebuttable presumption of detention applies.

The presumption set forth in 18 U.S.C. § 3142(e)(3) places the burden of production on the defendant. *United States v. Hir*, 517 F.3d 1081, 1085-86 (9th Cir. 2008). To overcome that burden, the defendant must present evidence that he does not pose a danger to the community or a risk of flight. *Id.* Even when a defendant satisfies that burden, however, the presumption favoring detention does not disappear entirely. *Id.* Rather, the presumption, which reflects Congress's substantive judgment that particular classes of offenders should ordinarily be detained prior to trial, remains a factor to be considered among those weighed by the district court. *Id.* The government retains the burden of persuasion on the ultimate issue of pretrial detention. *Id.*

A defendant should be detained pending trial if the Court finds that "no condition or combination of conditions will reasonably assure the appearance of the person as required and the safety of any other

person and the community." 18 U.S.C. § 3142(e)(1). In determining whether there are conditions of release that will reasonably assure the defendant's appearance and the safety of the community, the Court shall consider: (1) the nature and circumstances of the offense charged, including whether, for example, the offense is a crime of violence or involves a narcotic drug; (2) the weight of the evidence against the defendant; (3) the history and characteristics of the defendant; and (4) the nature and seriousness of the danger to any person or the community that would be posed by the defendant's release. 18 U.S.C. § 3142(g). A judicial officer's finding of dangerousness must be supported by clear and convincing evidence. 18 U.S.C. § 3142(f)(2)(b). When "risk of flight" is the basis for detention, however, the government must satisfy only a preponderance of the evidence standard. *United States v. Motamedi*, 767 F.2d 1403, 1406 (9th Cir. 1985).

## II. <u>SECTION 3142(G) FACTORS WEIGH IN FAVOR OF DETENTION</u>

The nature and circumstances of the offense charged in this case militate strongly in favor of detention. Cox has been charged with a serious drug offense arising from a conspiracy to distribute huge quantities of lethal drugs, including fentanyl, a drug that is driving the overdose epidemic both locally and nationally. *See* "Mothers rally to stop the fentanyl deaths of their children," San Francisco Chronicle, Aug. 21, 2022, available at <https://www.sfchronicle.com/bayarea/article/Mothers-rally-to-stop-the-fentanyl-deaths-of-17388342.php>. "The [d]efendant's offense—which endangered the public by placing fentanyl and methamphetamine into the community—indicates some risk of danger to the public." *United States v. Lara-Villaruya*, Case No. 3:18-cr-03425-GPC, 2020 WL 6395876, at *6, S.D. Cal. 2020.

The weight of the evidence is also quite strong. Not only did agents surveil and intercept numerous packages of drugs sent by Cox, but he evinced a consciousness of guilt through his communications with others. Still more fentanyl-laced pills and drugs were found at his residence when he was arrested last week. The weight of the evidence points toward detention. So too does Cox's history and characteristics. He has a lengthy criminal history for weapons and drug offenses, and was on felony probation at the time of the charged conduct—showing his disregard for court-ordered supervision. There is little reason to believe he would be more compliant on pretrial supervision than he was on post-conviction supervision.

Finally, Cox poses a significant risk of flight. He faces a prison term of up to 20 years, providing a powerful motivation to flee were he to be released, with the temptation only increasing if he had to make his own way to Tennessee to face these charges. During the course of this investigation, agents witnessed the defendant engage in extensive travel, and he appears to have ties to other criminal entities in numerous other states (including Virginia, Ohio, Indiana, North Carolina, South Carolina, Texas, Georgia, Wisconsin, Pennsylvania, Minnesota, Illinois, New York, Maryland, New Jersey, and Tennessee). Moreover, during a prior interrupted drug deal, agents seized $500,000 in cash, including $75,000 from Cox's vehicle. This access to funds—combined with a significant amount of unaccounted-for assets that agents are aware of from Cox's digital payment records—demonstrates that Cox would have the means to escape and stay off the radar if released.

**CONCLUSION**

For the foregoing reasons, the government respectfully submits that there are no conditions of release which would reasonably assure the safety of the public or ensure the defendant's appearance at his future court hearings in the Middle District of Tennessee. Accordingly, the government requests that the Court order the defendant detained pending trial.

DATED: September 12, 2022

Respectfully submitted,

STEPHANIE M. HINDS
United States Attorney

*<u>/s/ Leif Dautch</u>*________________
LEIF DAUTCH
Assistant United States Attorney